UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**Erica Meintzinger on behalf of herself and all others similarly situated,**

                    **Plaintiff,**

  v.

**Sortis Holdings, Inc. f/k/a ClearSpring Loan Services, Inc.; Sortis Financial, Inc. f/k/a ClearSpring Loan Services, Inc.; and Diverse Funding Associates LLC**

                    **Defendant.**

Case No. 18 cv 2042

**CLASS ACTION**

**Jury Demanded**

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1. Plaintiff Erica Meintzinger ("Plaintiff" or "Meintzinger") files this Complaint seeking redress for the illegal practices of Defendants in connection with the collection of an alleged debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### Parties

2. Plaintiff is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a personal loan or extension of credit alleged to be owed for personal, family, or household services.

1

5. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.   The alleged debt was allegedly incurred for a personal loan or extension of credit.

6. At all times relevant to this Complaint, Defendants Sortis Holdings, Inc. and Sortis Financial Inc. f/k/a ClearSpring Loan Services, Inc. (hereinafter Sortis) was a debt collector regularly engaged in the collection of debts allegedly due to others, as defined by the FDCPA § 1692a(6), in that they  directly or indirectly collected debts.

7. At all times relevant to this Complaint Defendant Sortis was regularly engaged in the collection of debts allegedly due to others.

8. At all times relevant to this Complaint, the principal purpose of the Defendant Sortis was the collection of debts.

9. Diverse Funding Associates, LLC (Diverse) purchases defaulted debts and attempts to collect the debts for a profit. It is the principal purpose of Diverse to collect defaulted debts.

10. At all times relevant to this Complaint, Defendant Diverse used Defendant Sortis to help them collect defaulted debts.

11. Defendant Diverse regularly collects defaulted debt due to another, and it is the principal purpose of Diverse to collect debts.

12. Defendants are a "debt collector," as defined by FDCPA § 1692a(6).  Any reference herein to "Defendants" refers to both Defendants.

13. Sortis was authorized by Diverse to send the collection letter attached hereto as <u>Exhibit A</u>.

## Jurisdiction and Venue

14. This Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

15. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

16. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Factual Allegations

17.  In an attempt to collect this alleged debt, and on behalf of the Defendant Diverse, Defendant Sortis sent Plaintiff the debt collection letter attached as Exhibit A hereto. The letter was sent on the letterhead of ClearSpring Loan Services, Inc. ClearSpring Loan Services, Inc. was subsequently acquired by Sortis.

18.  Plaintiff received Exhibit A.

19.  Exhibit A includes the following passage:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A ADEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*Illegal Fee*

20.  Exhibit A falsely and deceptively indicates that the Defendants are entitled to charge the Plaintiff a $6.00 "convenience fee" if the Plaintiff pays the alleged debt via credit card, debit card, or check by phone.

21.  The Plaintiff never agreed to pay a "convenience fee" in order to satisfy the alleged debt via credit card, debit card, or check by phone.

22. Charging consumers $6.00 to pay alleged debts by credit card, debit card, or check by phone is unfair, unconscionable, false and deceptive, and violates the FDCPA.

23. New York General Business Law section 518 specifically prohibits charging consumers a fee to make a purchase with a credit card.

24. No applicable law specifically authorized Defendants to charge Plaintiff a $6.00 "convenience fee" to satisfy the alleged debt.

25. The Plaintiff never expressly agreed to this fee via contract.

26. <u>Exhibit A</u> states:

**We have convenient pay by phone options available: (check by phone, credit and debit card payments). Please note these options may include a $6.00 transaction fee.**

27. Adding the $6.00 "convenience fee" is unfair and unconscionable and is hence a violation of 15 USC 1692f, and 1692f(1).

28. Attempting to impose the $6.00 convenience fee is also false and deceptive in that the Defendants misrepresented that they are entitled to collect this fee. Exhibit A violates 15 USC 1692e; 15 USC 1692e(2); 15 USC 1692(5); and 15 USC 1692e(10).

29. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

30. <u>Exhibit A </u>is a form letter.

31. Upon information and belief, Defendants sent form letters containing language substantially similar or materially identical to that contained in <u>Exhibit A</u> to hundreds of consumers in United States.

*Failure to Name Creditor*

32. Viewed from the perspective of the objective least sophisticated consumer, Exhibit A fails to identify the creditor to whom the alleged debt is owed, as required by 15 USC 1692g and 15 USC 1692e.

33. Exhibit A does not make it clear who is the current creditor.

34. The least sophisticated consumer could read Exhibit A in two different ways, one of which is false.

35. Exhibit A could be read to mean that ClearSpring Loan Services, Inc. was the creditor to whom the debt is owed, or Exhibit A could be read to mean that DiverseFunding Associates, LLC/DNF was the creditor to whom the debt is owed.

36. The least sophisticated consumer is not able to discern who Diverse Funding Associates, LLC/DNF is with relation to the consumer.

37. The least sophisticated consumer is not able to discern who Diverse Funding Associates, LLC/DNF is with relation to the consumer. There does not appear to be an entity with such name.

38. The least sophisticated consumer is not able to discern what this debt is owed for or who this debt is owed to.

39. By failing to properly and effectively identify the current creditor, the Defendant violated 15 USC 1692g(a), 15 USS 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

*Failure to Note that Interest Was Accruing*

40. On information and belief, the alleged debt was owed for a credit card or loan under a contract that called for the imposition of interest and/or costs. At no point did the Plaintiff receive any indication that interest or costs were no longer being assessed on this account.

41. Exhibit A seeks to collect the debt.

42. Exhibit A lists the Balance as $8,852,24.

43. Exhibit A does not indicate whether interest is continuing to accrue on the account.

44. On information and belief, the alleged debt was continuing to accrue interest.

45. Exhibit A does not include the "safe harbor" language described by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

46. Exhibit A is false, misleading, and deceptive in that, the letter can be understood by the least sophisticated consumer in two different ways, at least one of which is false.

47. To the extent that interest and/or fees were continuing to accrue on the account, Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to include the "safe harbor" language required by *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

48. Exhibit A violates the FDCPA, in that the least sophisticated consumer can be misled as to the proper amount, character, and status of the debt.

49. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC

1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1).

*Class Action Allegations*

50. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

51. A class action is superior for the fair and efficient adjudication of the class members' claims.

52. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

53. The class members are generally unsophisticated individuals unaware of the

protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

54. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

55. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

56. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as Exhibit A; (d) which was not returned by the postal service as undelivered.

57. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

### Violations of the Fair Debt Collection Practices Act

58. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

59. By sending Exhibit A, Defendants violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(5), e(10), f, f(1), and g(a).

60. As a result of Defendants' deceptive and unfair debt collection practices, Defendants are liable to Plaintiff and the class

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual damages as provided by § 1692k of the FDCPA;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip, New York
March 4, 2018

RESPECTFULLY SUBMITTED,

/S/Joseph Mauro
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

# EXHIBIT A

**CLEARSPRING** LOAN SERVICES
P.O. Box 52238
Idaho Falls, ID  83405-2238
R016

04/08/2017

ERICA MEINTZINGER
369 HEATHCOTE RD
LINDENHURST, NY 11757-1744

Client:    Diverse Funding Associates, LLC / DNF
Balance:   $8,852.24

Re: ClearSpring File # 1331006

NOTICE: SEE REVERSE SIDE FOR IMPORTANT DISCLOSURES AND OTHER INFORMATION.

Dear ERICA MEINTZINGER

Your account referenced above has been transferred to ClearSpring Loan Services, Inc. by Diverse Funding Associates, LLC / DNF for collection. Because you have failed to recognize your responsibilities involving this debt, we are forced to send you this DEMAND for settlement. Unless you dispute this debt as provided below, please forward a check for the entire balance within thirty (30) days. Failure to do so will result in our taking appropriate collection action.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of this debt or obtain a copy of a judgment against you and mail you a copy of such verification or judgment. Also upon your written request within the thirty day period, we will provide you with the name and address of the original creditor, if it is different from the current creditor.

Until the indebtedness is paid in full, or you send us a notice disputing the validity of the debt, or we receive written notification with verification that a Bankruptcy Stay Order or an Order of Discharge has been entered regarding this account, we will diligently continue all available collection alternatives. Please mail the balance owed, or contact us at 1-877-482-5037.

We can be reached Monday through Friday, 8am to 7pm (CST).

We have convenient pay by phone options available: (check by phone, credit and debit card payments). Please note these options may include a $6.00 transaction fee. However, if you decide to mail your payment, please make your check or money order payable to: ClearSpring

| Regular Mail Address: | Overnight Delivery: | Correspondence Address: |
|---|---|---|
| ClearSpring Loan Services, Inc. | Capital One Bank | ClearSpring Loan Services, Inc. |
| P.O. Box 4869, Dept. #447 | Attn: ClearSpring Loan Services, Inc. | P.O. Box 52238 |
| Houston, TX 77210 | 5718 Westheimer Rd | Idaho Falls, ID 83405-2238 |
|  | 4th Floor - Lock Box Department |  |
|  | P.O. Box 4869, Dept. #447 |  |
|  | Houston, TX 77057 |  |

Sincerely,

Recovery Specialist
ClearSpring Loan Services, Inc.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are in active bankruptcy or received a discharge which included this debt, this communication is not intended to be
and does not constitute an attempt to reaffirm or to collect a debt against you personally and is for informational purposes only.

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights consumers have under state and federal law in the listed states or other states.

| STATE | APPLICABLE NOTICE |
|---|---|
| California | As required by law, you are hereby notified that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. |
| Colorado | ClearSpring Loan Services, Inc. maintains an in-state office as required by 4 Code of Colorado Regulations 903-1: Machol & Johannes, LLC., 700 Seventeenth Street, Suite 200, Denver, CO 80202, 866-436-4766. |
| Massachusetts | **NOTICE OF IMPORTANT RIGHTS**<br><br>YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITH SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. OUR OFFICE HOURS ARE 8:00AM TO 7:00PM, MONDAY THROUGH FRIDAY (CST) AND 8:00AM TO 12:00PM ON SATURDAY (CST). |
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce. |
| New York | City of Buffalo Collection Agency License CAG11-552175.<br>City of Yonkers Debt Collection Agency License 9622. |
| New York City | New York City Consumer Affairs Debt Collection Agency License 2016943-DGA. |
| North Carolina | ClearSpring Loan Services, Inc. is physically located at 18451 North Dallas Parkway, Suite 100, Dallas, Texas 75287. North Carolina Collection Agency License #103129. |
| Tennessee | This collection agency is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance. |
| Utah | As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. |