```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ERICA MEINTZINGER, on behalf of herself       :
and all others similarly situated,            :
                                              :
                                              :   **MEMORANDUM**
                Plaintiff,                    :   **DECISION AND ORDER**
                                              :
        - against -                           :   18-cv-2042 (BMC)
                                              :
SORTIS HOLDINGS, INC. f/k/a ClearSpring       :
Loan Services, Inc., SORTIS FINANCIAL, INC.   :
f/k/a ClearSpring Loan Services, Inc., and    :
DIVERSE FUNDING ASSOCIATES LLC,               :
                                              :
                Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., complaining that two provisions in defendants' collection letter are misleading and deceptive. The case is before the Court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and plaintiff's motion for leave to file an amended complaint. Defendants correctly recognize that the proposed amended complaint merely withdraws one claim for relief and adds additional detail as to the others, so that defendants' arguments in their motion to dismiss still pertain to the proposed amended complaint with equal force.

Of plaintiff's two challenges to the collection letters, I hold that one may be meritorious, and one is not. Both motions are therefore granted in part and denied in part for the reasons set forth below. In addition, because the Court sees no factual disputes, defendants are ordered to show cause within 14 days why summary judgment as to liability should not be granted for plaintiff.

## BACKGROUND

Plaintiff's first criticism of the collection letter at issue is that it imposes an unauthorized $6.00 charge if plaintiff pays by telephone, thereby violating FDCPA sections 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and g(a). Specifically, the collection letter states: "We have convenient pay by phone options available: (check by phone, credit and debit card payments). Please note these options may include a $6.00 transaction fee. However, if you decide to mail your payment, please make your check or money order payable to: ClearSpring." In other words, there is no fee if the debtor mails in a check, but there may be if she pays by telephone. Plaintiff contends that neither the underlying debt contract nor any provision of law authorizes the collection company to charge this fee. Defendants argue that this is simply an alternative form of payment and the debtor only has to pay the fee if she chooses to use it.

Plaintiff's second criticism is that the collection letter does not adequately identify the current creditor holding the account, thereby violating FDCPA sections 1692g(a), 1692e, 1692e(2), and 1692e(10). As to that, the collection letter states: "Your account referenced above has been transferred to ClearSpring Loan Services, Inc. by Diverse Funding Associates, LLC/DNF for collection." Plaintiff contends that the least sophisticated consumer would not know whether Clear Spring or Diverse Funding is the creditor, and, even if she were to assume that the creditor is Diverse Funding, the phrase "Diverse Funding Associates, LLC/DNF" muddies the waters because, in fact, there is no such entity. Rather, the addition of "DNF," as defendants explain in their motion, is a reference to an affiliated entity. Plaintiff responds that she has never heard of Diverse Funding, or DNF, or some combination of two, so that even assuming that she understands that ClearSpring is merely a collector, she still cannot tell whether

Diverse Funding Associates, LLC, or DNF, or some combination of the two is her creditor. Defendants respond that the letter self-evidently shows that ClearSpring is collecting on behalf of Diverse Funding Associates, LLC.

## DISCUSSION

### I. Applicable Legal Standards

No extended discussion is necessary to lay down the guiding principles in an FDCPA case as they have been often stated. The principles applicable here are that: (1) the FDCPA should be liberally construed because it is a consumer-protection statute, see Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013); Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 95 (2d Cir. 2008); and (2) the collection letter must be assessed from the perspective of the "least sophisticated consumer." See Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

As to the standard by which a complaint is measured on a Rule 12(b)(6) motion, defendants rely on Ashcroft v. Iqbal, 556 U.S. 662 (2009), Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and their progeny, but I think that line of cases sheds little light in FDCPA cases, including this one, based on the undisputed language of a collection letter. The plausibility standard from Ashcroft's progeny addresses the depth and quality of the factual allegations that a complaint must contain. In contrast, and in part because of the objective standard of the statute, the background facts in an FDCPA case are usually immaterial; either the challenged language is misleading or not misleading as a matter of law, or, in the less usual case, a reasonable jury could come out either way on whether particular language is misleading. See Alharbi v. Miller, No. 18-cv-2435, 2019 WL 1367758, at *18 (E.D.N.Y. March 26, 2019) (discussing the difference, on Rule 12(b)(6) motion, between inadequate allegations under Iqbal and fulsome allegations that nevertheless fail as a matter of law).

**II. The $6 fee**

Contrary to plaintiff's contention, the collection letter does not impose an unauthorized fee. In fact, it doesn't impose a fee at all. Nothing in the FDCPA requires the collection company to accept payments by telephone, and thus nothing prohibits it from offering to enter into a new contract with the debtor, *i.e.*, "for $6, I will give you the added convenience of paying by phone." The debtor does not have to accept that offer, and if she does, the fee for that new, additional service is fully disclosed.

In contending that the mere offer of this additional service for a fee is illegal, plaintiff relies on N.Y. GEN. BUS. L. § 518, a statute that regulates retailers in imposing differential pricing between credit card and cash purchases. Specifically, the statute provides:

> No seller in any sales transaction may impose a surcharge on a holder who elects to use a credit card in lieu of payment by cash, check, or similar means.
> Any seller who violates the provisions of this section shall be guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars or a term of imprisonment up to one year, or both.

N.Y. GEN. BUS. L. § 518. This statute is derived from a now-expired provision of the Truth-In-Lending Act of similar wording. As the New York Court of Appeals has recognized, the purpose of the New York statute, which was passed in the wake of the expiration of the federal statute, is to ensure

> that consumers will be seeing at least the highest possible price they will have to pay when they see a tagged or posted price. In other words, consumers cannot be lured ... on the basis of the 'low, rock-bottom price' only to find at the cash register that the price will be higher if a credit card is used.

4

Expressions Hair Design v. Schneiderman, 32 N.Y.3d 382, 391, 93 N.Y.S.3d 171, 176 (2018), quoting, S. Rep. 97-23, S. Rep. No. 23, 97th Cong. 1st Sess. 1981, 1981 WL 21364 (Leg. Hist.) (1981).

Both the plain language of the statute and its legislative history show that the statute ill-fits the convenience fee for telephone payment that defendants offered to plaintiff here. First, I cannot view defendants as "sellers" as the statute requires. They are debt collectors, not gas station operators or department store retailers. That is why this is an FDCPA case in the first place. See 15 U.S.C. § 1692a(6)(f) (excluding originator of debt as "debt collector" under the FDCPA).

Second, even if they are viewed as "sellers" with regard to the convenience fee, the statute as construed in Expressions merely requires them to disclose the difference between the cost of paying by cash and the cost of paying by phone. Since there is no way to express the $6 charge except as a $6 charge (because in the absence of the debtor's choice to pay by phone, there is a $0 charge), the debtor immediately knows how much she's going to pay if she uses the telephone. In other words, this is not a "surcharge" posting as prohibited in Expressions because the cost of the "product" is added to a $0 cost; there is no "sur" about it.

Finally, the statute limits the imposition of additional charges for the use of credit cards, but that is not what the collection letter here does – it imposes an additional charge for paying by phone. Specifically, the collection letter allows the debtor to telephone and pay by bank account routing information for the same price as using the credit card. It is thus the phone call that

triggers the charge, regardless of whether she is paying by check over the phone or credit card over the phone.[1]  In sum, GBL § 518 is simply not implicated.

In the FDCPA context, the Second Circuit has held that additional charges may be added to the collection of the debt in two scenarios: (1) where the underlying credit agreement permits it; or (2) where the charge is permitted by state law.  See Tuttle v. Equifax Check, 190 F.3d 9 (2d Cir. 1999).  Even if viewed as an "additional charge" – as to which, for the reasons set forth above, I cannot see it – there is no provision of state law prohibiting either a seller or a collection company from adding a charge for the use of a pay-by-phone service, as long as the debtor knows of the charge and has the default option to avoid it by paying her bill in the usual way – by mailing in a check.

## III. Identification of the creditor

Plaintiff fares better in asserting that the collection letter did not adequately notify her of who holds her account.  Her arguments are correct that in a very technical sense, the disclosure is misleading.

The main problem is the use of the word "transfer."  When the disclosure language advises the debtor that her account has been "*transferred* to ClearSpring Loan Services, Inc. by Diverse Funding Associates, LLC/DNF for collection" (emphasis added), that strongly suggests to me that ClearSpring is the owner of the account.  It does not imply an agency relationship between ClearSpring and Diverse Funding; it implies a sale, complete assignment, and surrender of interest by Diverse Funding.  It suggests that ClearSpring is merely explaining how it acquired the debt.

---

[1] Of course, the irony of allowing a debtor to pay a defaulted credit card account by use of another credit card does not escape me.  Maybe the debtor can even use the same credit card.

The arguments offered by defendants are not persuasive. They first assert that because the sentence includes the phrase, "for collection," even the least sophisticated consumer would understand that ClearSpring is acting on behalf of Diverse Funding. I don't agree. It's a defaulted credit card account. What else would the holder of the account, whoever it is, do with it except attempt to collect it? There is nothing else to do, so that the phrase "for collection" is either superfluous or neutral in suggesting who owns the debt.

Defendants make a stronger argument with their reference to the salutation portion of the letter. Before the body of the collection letter, its subject matter is described as follows:

> Client: Diverse Funding Associates, LLC / DNF
> Balance: $8,852.24

Re: ClearSpring File # 1331006

Defendants assert that the reference to the "client" indicates that Diverse Funding still maintains ownership of the account. In part, they base this argument on the well-settled proposition that a collection letter must be read as a whole. See McStay v. I.C. System, Inc., 308 F.3d 188 (2d Cir. 2002).

I might well accept this argument if I were deciding the case on a blank slate. The difficulty I have, however, is that the Second Circuit has defined the least sophisticated consumer as so unworldly, see Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016); see also Kraus v. Prof'l Bureau of Collections of Maryland, Inc., 281 F. Supp. 3d 312 (E.D.N.Y. 2017) (discussing Avila); Islam v. Am. Recovery Serv. Inc., No. 17-cv-4228, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017) (same), that I cannot conclude that she would appreciate the use of the word "client" in this context. That may be a term of art in the collection industry, but the least sophisticated consumer is not immersed in the collection industry. To the least sophisticated

consumer, "client" might simply mean, as the use of the word "transfer" suggests, the entity from which ClearSpring acquired ownership of the debt. If the least sophisticated consumer drew that conclusion, it would be wrong, and the least sophisticated consumer would have been misled by the term "transfer" notwithstanding the use of the word "client."

No one should think that this Court is comfortable with this result. In the real world, I see no reason why a debtor, sophisticated or not, would care a whit about whether the current holder is ClearSpring or Diverse Funding. She knows how much she is claimed to owe, she knows how and to whom to pay it, and she knows how to dispute it. It would make a lot more sense to require disclosure of the *original* creditor, so that the debtor could have no doubt about what purchases or charges are at issue, but the statute does not require that. See 15 U.S.C. § 1692g(a). It requires only the current creditor, and this letter could mislead a pathetically unsophisticated consumer into thinking that ClearSpring has purchased the debt.

An equally technical defect is that I cannot tell what the "DNF" in "Diverse Funding Associates, LLC/DNF" means, so I have to assume that an unsophisticated consumer could not either. I glean from the parties' memoranda that "DNF" refers to DNF Associates, LLC, an affiliate of Diverse Funding Associates, LLC, which, defendants tell me, operates out of the same office. The nature of the affiliation is not described in the collection letter, nor have defendants explained it in their motion, but in any event, the statute requires identification of the current creditor. It does not require the least sophisticated consumer to guess which of affiliated entities is her creditor. It does not require her to research on the internet what "Diverse Funding Associates, LLC/DNF" might mean, and then call each affiliate in a process akin to P.D. Eastman's children's book, "Are You My Mother?".

Once again, I recognize the absurdly technical nature of this non-compliance. But unless a materiality element is introduced as part of the least sophisticated consumer standard, which the Second Circuit has not done, see Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 488 (E.D.N.Y. 2013), the statute will continue to support claims for relief based on technical even if immaterial non-compliance, and creative plaintiffs' lawyers will come up with claims for relief far removed from the intended purpose of the statute. See Islam, 2017 WL 4990570, at *4; Ghulyani v. Stephens & Michaels Associates, Inc., No. 15–cv–5191, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015).

## CONCLUSION

Defendants' motion to dismiss is granted to the extent that plaintiff's claims relating to the $6.00 telephone charge are dismissed and otherwise denied. Plaintiff's motion to amend is granted except as to that same claim, and plaintiff is directed to file a revised amended complaint in accordance with this Order within 10 days.[2]

The only remaining question is how the case should proceed now that I am denying defendant's motion. It seems to me that the question of adequate disclosure of plaintiff's current creditor is one of law, not fact; I cannot see asking jurors if they think that the least sophisticated consumer would be confused as to the current creditor. This is a question for the Court. Accordingly, pursuant to Federal Rule of Civil Procedure 56(f)(3), defendants are

---

[2] There was no reason for plaintiff to move for permission to amend the complaint. At the time she filed her motion to amend, she still had the ability to amend as of right. See Federal Rule of Civil Procedure 15(a).

ORDERED TO SHOW CAUSE within 14 days why summary judgment as to liability should not be entered in favor of plaintiff.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
April 3, 2019